IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY L. VAUGHNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-061 |
| | ) | |
| WALTER BERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely and several motions filed by Petitioner.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 9), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.  The Court further **RECOMMENDS** Petitioner's motion for coram nobis relief / summary judgment, motion for new trial, and motion for leave of Court be **DENIED**, (doc. nos. 11, 19, 23), and the motion for a Court response be **DENIED AS MOOT**, (doc. no. 24).

## I.    BACKGROUND

In 2015, a jury in the Superior Court of Richmond County, Georgia convicted Petitioner of one count of aggravated sexual battery and three counts of child molestation.  (Doc. no. 10-1, <u>Vaughns v. State</u>, No. A17A1499 (Ga. Ct. App. Mar. 13, 2018.)  These convictions occurred

after a mistrial was declared on Petitioner's original indictment because the jury was unable to reach a decision. (Doc. no. 10-1, p. 7.) After the mistrial, the State tried Petitioner again on the same charges from the original indictment but added a charge of rape based on the same evidence. (Id.) Although the jury convicted Petitioner of all charges in the second trial, in its order on the motion for new trial, the trial court vacated the rape conviction and sentence because it determined the State had improperly charged Petitioner with the additional crime of rape after the declaration of a mistrial. (Id.)

Petitioner, proceeding *pro se* on direct appeal after the second trial, raised several grounds of relief, two of which the Court of Appeals found to be moot, one ground abandoned, and the remaining grounds without merit, resulting in affirmation of the conviction on March 13, 2018. (See generally doc. no. 10-1.) The Georgia Supreme Court dismissed Petitioner's subsequent petition for certiorari as untimely on September 28, 2018. (Doc. no. 10-2, Vaughns v. State, No. S18C1142 (Ga. Sept. 24, 2018).)

Petitioner filed a state petition for a writ of habeas corpus in the Superior Court of Baldwin County on February 19, 2019.[1] (Doc. no. 10-3, Vaughns v. Bobbitt, No. 19-SU-CV-49168 (Ware Cnty. Sup. Ct. Feb. 19, 2019.) Petitioner amended his state petition on April 12, 2019. (Doc. no. 10-4.) The state habeas court held a hearing on April 17, 2019, and denied relief in a written order filed August 21, 2019. (Doc. no. 10-5.) The Georgia Supreme Court dismissed Petitioner's application for a certificate of probable cause to appeal ("CPC") as untimely. (Doc. no. 10-6, Vaughns v. Bobbitt, No. S20H0295 (Ga. Mar. 26, 2020).) In its

---

[1]Petitioner dated his state habeas petition February 7, 2019 (doc. no. 10-3, p. 7), but in Georgia, the mailbox rule does not apply to the original filing of *pro se* state habeas petitions. See Roberts v. Cooper, 691 S.E.2d 875, 877-78 (Ga. 2010). Thus, state habeas petitions are filed on the date the clerk receives it, not the date a petitioner signs it.

order dismissing the CPC application, the Supreme Court explained Petitioner timely filed his notice of appeal with the state habeas court, but the application filed with the Supreme Court did not have a certificate of service and therefore was filed as of the postmark date on the envelope, six days too late. (Id.)

Petitioner executed his federal habeas corpus petition on March 25, 2021, and the Clerk of Court filed it on April 5, 2021. (Doc. no. 1, pp. 1, 12.) Respondent moves to dismiss the federal petition as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 9.) Petitioner opposes the motion, arguing primarily the Georgia state courts issued legally incorrect rulings, including improperly dismissing his CPC application as untimely. (See generally doc. no. 20-1.) In particular, Petitioner asserts his state habeas proceedings tolled his statute of limitation until the date the Georgia Supreme Court dismissed his application, March 26, 2020, meaning his March 25, 2021 federal petition satisfies the one-year statute of limitation. (Id. at 8.)

## II.    DISCUSSION

### A.    The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

>  (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review" - when the time for pursuing direct review in this Court, or in state court, expires.'"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Thus, when a federal habeas petitioner timely pursues all available state relief on direct review but does not petition for certiorari to the United States Supreme Court, the "conviction becomes final at the expiration of the period for filing such a petition."  Phillips v. Warden, 908 F.3d 667, 671 (11th Cir. 2018).  However, when a petitioner does not pursue all available state relief on direct review in a timely fashion, the "conviction becomes final when the time for seeking review in the relevant state court expires."  Id.  Accordingly, for a Georgia defendant who has his conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition. See Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)).

When calculating the finality of Petitioner's judgment, the ninety-day delay to account for filing a writ of certiorari to the United States Supreme Court applies only when the petitioner properly seeks review in the Georgia Supreme Court.  See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2007); Phillips, 908 F.3d at 672.   This is because the United States Supreme Court does not allow filing a writ of certiorari unless a judgment "has been entered by a state court of last resort."  Stubbs, 840 S.E.2d at 413 (citing U.S. Sup. Ct. R. 13.1).

Here, on direct review, Petitioner did not timely seek a writ of certiorari from Georgia's Supreme Court.  Court of Appeals Rule 38(1) requires filing a notice of intention to apply for certiorari with the Clerk of the Court of Appeals within ten days after "the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed." Likewise, Supreme Court of Georgia Rules require filing a notice of intention to apply for certiorari with the Clerk of the Court of Appeals as described immediately above, as well as filing the petition for certiorari itself with the Clerk of the Supreme Court within twenty days after "the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed."  Ga. S. Ct. R. 38(1) & (2).  As explained in the order issued by the Georgia Supreme Court dismissing Petitioner's petition for certiorari of the Georgia Court of Appeals' decision issued March 13, 2018, Petitioner had to file his petition in the Supreme Court by April 2, 2018, but he did not do so until April 12, 2018.  Thus, "the terminal appellate action" for purposes of calculating finality under state law was the twenty-day deadline for filing the certiorari petition under Supreme Court Rule 38(2), April 2, 2018.  See Stubbs, 840 S.E.2d at 415.  Accordingly, Petitioner's convictions were "final" on April 2, 2018.  See Phillips, 908 F.3d at 672.

Petitioner had one year from the date his convictions became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period.  Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  When Petitioner filed his state habeas petition on February 19, 2019, 323 days after his convictions became final on April 2, 2018, forty-two days remained on his AEDPA one-year statute of limitation.  The state habeas court issued its ruling denying relief on August 21, 2019, (doc. no. 10-5, p. 10), but Petitioner failed to timely file his CPC application with the Georgia Supreme Court within the thirty days allowed by O.C.G.A. 9-14-52(b), resulting in dismissal of the application.[2]  (Doc. no. 10-6.)

Because the CPC application was not "properly filed" pursuant to § 2244(d), it had no tolling effect on the AEDPA statute of limitation.  See Wade v. Battle, 379 F.3d 1254, 1262-64 (11th Cir. 2004); see also Clemons v. Comm'r, Ala. Dep't Corr., 967 F.3d 1231, 1240-41 (11th Cir. 2020) (explaining post-conviction filing not made in compliance with state procedural rules does not qualify for statutory tolling under § 2244).  Thus, the tolling resulting from Petitioner's state habeas proceedings ended on September 20, 2019, the thirty-day deadline by which the CPC application was due to the Georgia Supreme Court pursuant to O.C.G.A. § 9-14-52(b).

---

[2]As explained *supra*, because Petitioner did not include a certificate of service with his CPC application, the Supreme Court used the postmark date, September 26, 2019, as the date of filing.  See  Sup. Ct. R. 13(2).  As the application was due to the Supreme Court no later than September 20, 2019, the application was six days too late, and therefore it was dismissed.  (See doc. no. 10-6.)

Petitioner argues his one-year statute of limitation was tolled until March 26, 2020, the date the Georgia Supreme Court dismissed his untimely CPC application.  (Doc. no. 20-1, p. 8.)  Thus, Petitioner maintains his federal petition filed on March 25, 2021, is timely.  The argument fails because as discussed in detail above, all but forty-two days of the one-year statute of limitation expired prior to commencement of *any* state habeas proceedings.  Thus, even using Petitioner's proposed - but incorrect - date until which he believes tolling continued, his federal petition filed a year later would still be untimely.

Although only forty-two days remained on Petitioner's one-year statute of limitation, Petitioner waited over 550 days from September 20, 2019 - the conclusion of his properly filed state habeas proceedings - to file his federal habeas petition on March 25, 2021, the date which Petitioner declared under penalty of perjury he executed the federal petition and placed it in the prison mailing system.  (Doc. no. 1, p. 12.)  Under the "prison mailbox rule," Petitioner's *pro se* filing is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988); Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (*per curiam*).  Because Petitioner filed his federal petition over 500 days after the expiration of the one-year statute of limitation, his current federal challenge is time-barred and should be dismissed.

**B.      The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above.   Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has

occurred.  Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).  Vague or conclusory allegations are insufficient to satisfy Petitioner's burden to show how he acted with diligence. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014).  As to establishing an extraordinary circumstance, Petitioner must show a causal connection between the alleged circumstance and the late filing, San Martin, 633 F.3d at 1267, and the extraordinary circumstance must be "unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (per curiam).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a

8

time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence
. . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no
reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the
new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012)
(citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception,
we underscore, applies to a severely confined category:  cases in which new evidence shows
'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"
McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown he satisfies the test for application of equitable tolling
or that a miscarriage of justice will occur if his claims are not considered.  First, Petitioner
contends his federal petition is timely, and thus he does not need the benefit of equitable tolling,
because he had one year from March 26, 2020, to file his federal petition.  As thoroughly
explained in Part II(A) above, that argument is without merit.

Second, Petitioner argues in conclusory fashion that the state courts incorrectly
determined his applications for certiorari on direct appeal, and for a CPC on collateral appeal,
were untimely and that he "has diligently pursued his claims,"  (doc. no. 20-1, pp. 6-8), but
conclusory arguments will not suffice.  See Lugo, 750 F.3d at 1209-10.  His claim of diligence
is based on his efforts to exhaust state court remedies, but those efforts do not meet his burden
to show he exhausted those remedies in a timely fashion.  There is nothing extraordinary about
AEDPA's statutory exhaustion requirement that applies to all state prisoners filing for federal
habeas corpus relief.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c) (explaining application for a writ
of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the
remedies available to him by any state court procedure).  In sum, Petitioner has not satisfied

9

the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner presented any evidence, much less new and reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, he never claims he did not commit the offenses of which he was convicted. Rather, his stated grounds for relief focus on alleged legal errors committed by the trial court and counsel. (See, e.g., doc. no. 1; doc. no. 14.) There is no mention of new evidence. In sum, Petitioner has presented no *evidence* to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the offense for which he was convicted. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency" (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

Because Petitioner has not shown he had been pursuing his rights diligently, and some extraordinary circumstance stood in his way to prevent him from timely filing his federal habeas corpus petition or that a miscarriage of justice will occur if the untimely claims are dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

## C.    Petitioner's Pending Motions

Petitioner also filed a "Writ of Error Coram Nobis / Memorandum of Law Motion for Summary Judgement." (Doc. no. 11.) "Coram nobis relief is unavailable to a person, such as the [Petitioner], who is still in custody." United States v. Garcia, 181 F.3d 1274 , 1274 (11th Cir. 1999) (*per curiam*). Moreover, although titled as a memorandum of law, there is no actual

motion for summary judgment.  Even if there were such a motion on the docket, as discussed above, the federal petition is untimely and therefore due to be dismissed.  Thus, the Court does not consider the substance of the grounds for relief raised in the untimely petition. Accordingly, whether considered as a request for coram nobis relief or summary judgment, the motion should be **DENIED**.[3]  (Doc. no. 11.)  Petitioner's related motion seeking a ruling from the Court on his coram nobis/summary judgment request should be **DENIED AS MOOT**.  (Doc. no. 24.)

Petitioner's response to the motion to dismiss is titled, "Extra Ordinary Motion for New Trial Answer in Bar Petition as Untimely."  The Clerk of Court docketed the filing twice, once as a motion for new trial and once as a response to the motion to dismiss.  (Doc. nos. 19, 20.) Examination of the filing shows it contains Petitioner's arguments "why the Respondent's motion [to dismiss] is without merit," and the reference to a new trial is Petitioner's reiteration of his request for federal habeas relief.  (See doc. no. 19-1.)  As the petition is due to be dismissed because it is untimely, the "motion for new trial" should be **DENIED**.  (Doc. no. 19.)

Finally, Petitioner filed a "Motion for Leave of Court," in which he requests immediate release from prison.  As explained above, Petitioner's request for federal habeas corpus relief is untimely and therefore forms no basis for release from prison.  To the extent the motion could be viewed as a request for release during the pendency of these federal proceedings, the

---

[3]Even if considered a motion for summary judgment, summary denial is appropriate because it in no way complies with the Court's Local Rule 56.1 regarding such dispositive motions, which includes providing a separate statement of material facts to which it is contended there is no genuine dispute to be tried.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (explaining motion may be summarily denied for failure to comply with Local Rules).

Court previously explained, neither federal nor state bond is available to him.  (<u>See</u> doc. no. 5.)  Accordingly, the "Motion for Leave of Court" should be **DENIED**.  (Doc. no. 23.)

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 9), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.  The Court further **RECOMMENDS** Petitioner's motion for coram nobis relief / summary judgment, motion for new trial, and motion for leave of Court be **DENIED**, (doc. nos. 11, 19, 23), and the motion for a Court response be **DENIED AS MOOT**, (doc. no. 24).

SO REPORTED and RECOMMENDED this 22nd day of September, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA